UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BENJAMIN HEIMAN,            )
                            )
            Plaintiff,      )
                            )
      v.                    )      CAUSE NO. 3:17-CV-891 PPS
                            )
SHERIFF JOHN BOYD,          )
                            )
            Defendant.      )

OPINION AND ORDER

Benjamin Heiman, a prisoner without a lawyer, filed a complaint against Sheriff John Boyd. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Heiman complains that, during a ten-day term of administrative segregation, he was exposed to extremely cold temperatures without adequate clothing due to LaPorte County Jail's policy of not allowing inmates in administrative segregation to have a

shirt. Heiman seeks an order preventing the enforcement of the policy and money damages. The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008). Inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). More specifically, exposing inmates to extremely cold temperatures without adequate protection may violate the Constitution. *Dixon v. Godinez*, 114 F.3d 640, 643 (7th Cir. 1997).

Heiman does not state that Boyd was personally involved but states that his rights were violated due to the jail's policy and suggests that Boyd was the policymaker for the jail. Section 1983 allows lawsuits against municipal entities based on a policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). Also, "[a] suit against a governmental officer in his official capacity is really a suit against the entity of which the officer is an agent." *Franklin v. Zaruba*, 150 F.3d 682, 684 (7th Cir. 1998). Therefore, Boyd, in his official capacity as the sheriff, is the proper defendant. Accordingly, Heiman states an Eighth Amendment claim against Boyd in his official capacity for being subjected to extremely cold temperatures without adequate protection due to jail policy.

For these reasons, the court:

(1) GRANTS Benjamin Heiman leave to proceed on a claim for money damages against Sheriff John Boyd in his official capacity for being subjected to extremely cold

2

temperatures without adequate protection due to LaPorte County Jail policy in violation of the Eighth Amendment;

(2) GRANTS Benjamin Heiman leave to proceed on an injunctive relief claim against Sheriff John Boyd to stop enforcing the no-shirt policy in extremely cold temperatures as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff John Boyd at the LaPorte County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Sheriff John Boyd respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which Benjamin Heiman has been granted leave to proceed in this screening order.

SO ORDERED on March 7, 2018.

/s/ Philip P. Simon  
Judge  
United States District Court